USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/2023

David A. Schrader, Partner
Paykin Krieg & Adams, LLP
NY & NJ Bars
Email: dschrader@PKA-law.om

December 23, 2022

ECF and Email  (Torres_nysdchambers@nysd.uscomis.gov)
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re: **Cedric Bishop v. Spartan Capital Securities, LLC**
         **Case No. 1:22-cv-9114**

Dear Judge Torres:

  This law firm represents Defendant Spartan Capital Securities, LLC ("Spartan") in the above referenced putative class action. We will be accepting service of process of the Summons and Complaint and will be returning an acknowledgment of service form to plaintiff's counsel later today.

  We submit this letter to the Court (a) to request an adjournment of the deadline of December 23, 2022 for the joint submission of a proposed Case Management Plan and Scheduling Order and (b) for permission to file a motion to dismiss pursuant to FRCP 12 (as discussed in detail below). We have already submitted a required letter to plaintiff's counsel pursuant to Your Honor's individual practice rule III.B. setting forth the basis upon which the defendant contends that plaintiff's case should be dismissed and requesting that plaintiff withdraw its complaint. Plaintiff has responded to this letter and contends that its complaint is proper. The parties have been unable to resolve the issues raised by the defendants – as discussed below.

  As a threshold matter, the Court should be aware that plaintiff Cedric Bishop is a professional class action plaintiff that has been the lead class action plaintiff in no less than 14 lawsuits purporting to vindicate the rights of the visually impaired. The crux of plaintiff's complaint in this case is an alleged violation of the Americans with Disabilities Act, 42 U.S.C. §12181 (the "ADA") based upon a purported failure of Spartan's website (spartancapital.com) (the "Website") to comply with ADA requirements.

To set forth a valid claim under Title III of the ADA, a complaint must allege that: (i) plaintiff is disabled; (ii) defendant operates a place of public accommodation; and (iii) defendant denied plaintiff a full and equal opportunity to enjoy Spartan's services. 42 U.S.C. §12182(a); *Camarillo v. Carrols Corp.*, 518 F3d 153, 156 (2nd Cir. 2008). Plaintiff's complaint fails the last two prongs of this test. Plaintiff also lacks standing to bring this action and is a seriatim plaintiff who allows himself to be used as a class action plaintiff in numerous actions formulated by plaintiff law firms from whom Bishop receives compensation.

The ADA sets forth a definition of a public accommodation in 42 U.S.C.A. §12181 which expressly defines a place of "public accommodation." A broker-dealer is not included in the statutory definition and we have found no reported caselaw in the Second Circuit holding a broker-dealer as a place of public accommodation. Even if a broker dealer could fall within the catch-all "or other service establishment" contained in 42 U.S.C.A. §12181(f), Spartan's website does not fall within this catch-all. Spartan's website is designed as a marketing tool (an advertisement) only and does not provide services to the general public as the complaint falsely alleges.

It should also be noted that the Second Circuit has never conclusively determined that a website falls within the realm of a "public accommodation." *Winegard v. Newsday LLC*, 556 F. Supp. 3d 1773 (E.D.N.Y. 2021). Even to the extent that a website could constitute a place of public accommodation *when business is conducted on the website*, Spartan's website is merely an informational advertisement and does not provide brokerage services. Indeed, a review of the Website reveals that it does not allow one to: (i) open an account, (ii) trade securities, or (iii) review investment advice. Although an existing Spartan customer can subscribe to electronic account access to review their brokerage account statements (but not to undertake transactional business), such access is not provided by Spartan on its website, but rather is provided by the clearing firm through the clearing firm's website link. As a result of the foregoing, Spartan's Website does not constitute a place of "public accommodation."

Beyond the threshold failure of Spartan's website to constitute a place of public accommodation, Bishop's recital of bald conclusory allegations of accessibility barriers ("Accessibility Barriers") for blind or visually impaired persons in the Complaint are factually false and were cut and paste language lifted from court decisions. *See, e.g., Wu v. Jensen Lewis Co., Inc.* 345 F. Supp. 3d 438, 443 (S.D.N.Y. 2022)(lack of alt text alternative, empty links, redundant links; linked images lack alt-text). These allegations in the Complaint do not reflect the reality of Spartan's website. Bishop does not and cannot recite specific examples of such Accessibility Barriers, because a simple review of the Website reveals that these allegations are without merit.

Indeed, Bishop seems to neglect that Spartan's Website is ADA compliant. The website has a link that provides **multiple** accessibility options for visually impaired users, including audio access and multiple text adjustments for size, color, font and other options. Bishop's effort to impose the "WCAG 2.0 requirement" on Spartan is legally erroneous. Neither Congress nor the DOJ have issued regulations regarding accessibility requirements for public websites, *Reed v. 1-*

*800 Flowers.com,, Inc.* 327 F. Supp. 3d 539, 545 (E.D.N.Y. 2018), and the WCAG is not a requirement for private entities. Accessibility determinations have been delegated to the courts. *Andrews v. Blick Art of Materials, LLC*, 268 F. Supp. 3d 381, 403 (E.D.N.Y. 2017). The Website's accessibility features of Spartan clearly satisfy the ADA and are more than reasonable and compliant.

Above and beyond the substantive deficiencies in the Complaint, Bishop also lacks legal standing to assert such claims under the ADA. Bishop does not have an injury in-fact; there is no causal connection between his injury and the conduct complained of; and any injury would not be redressed by a favorable decision in this case. *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 442 (S.D.N.Y. 2022) citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-1, 112 S. Ct. 2130, 1109 L. Ed. 2d 351 (1992). In fact, Bishop's seriatim filing of no less than 14 ADA class action cases leads one to easily surmise that the plaintiff has either never attempted to access the Spartan Website or only attempted to access the Website as a pretense for the filing of this lawsuit.[1]

The Complaint filed alleges that plaintiff was deprived of services which are not actually available on Spartan's Website, and plaintiff thus cannot establish an injury. The Complaint alleges that plaintiff was unable to purchase financial planning services, and to ascertain information relating to pricing, investments, tax advice, retirement planning and privacy policies. These services are not available on the Spartan website. Bishop also does not allege he has an account at Spartan or that he intends to open an account at Spartan. The alleged services Bishop desires are clearly not available on the Spartan Website. Since the changes desired by Bishop will not and cannot provide Bishop with the services he desires, as a matter of law, Bishop has not shown any injury. *Mitchell v. Toledo Metro Credit Union*, 2018 WL 5435416 *3 (N.D. Ohio 2018). Moreover, the Website does not allow for an account to be opened online and therefore a modification to the Website would not provide Bishop with any material benefit, much less provide access to the desired services. Thus, Bishop does not allege a proper "specific and individualized reason" to access the website necessary to provide standing. *Laufer v. Dove Hess Holdings*, LLC 2020 WL 7974268 *9(N.D.N.Y. 2020). Plaintiff does not have an injury in fact.

Even assuming arguendo that Plaintiff incurred a colorable injury, there is no causal connection between plaintiff's purported injury and the alleged non-compliance of the website. Plaintiff's allegation that he intends to immediately revisit the Website to inquire about purchasing

---

[1] Without even using Westlaw, a simple google search of "Cedric Bishop plaintiff" returns multiple hits of ADA class action lawsuits in cases entitled: (i) Cedric Bishop v. Comprehensive Financial Partners; (ii) Cedric Bishop v. Encompass Supply Chain Solutions, Inc.; (iii) Cedric Bishop v. QFlorist, Inc.; (iv) Cedric Bishop v. First Manhattan Co. Inc.; (v) Cedric Bishop v. Amazon.com; (vi) Cedric Bishop v. Interstate Hotels Company; (vii) Cedric Bishop v. Automated Pet Care Products, LLC; (viii) Cedric Bishop v. Off The Hook Yacht Sales, LLC (ix) Cedric Bishop v. Echolon Fitness Multimedia, LLC; (x) Cedric Bishop v. Sheehans Office Interiors, Inc.; (xi) Cedric Bishop v. the Juliard School; (xii) Cedric Bishop v. CWI, Inc.; (xiii) Cedric Bishop v. Moooi USA Inc.; and (xiv) Cedric Bishop v. Teledoc Health. Cedric Bishop also appears to have made forays into class action cases in other areas, Ashley Alexander and Cedric Bishop v. Carrington Mortgage Services, LLC. Additionally, even to the extent that Cedric Bishop otherwise has standing, he is clearly not an adequate class representative and will be challenged as such.

financial services from the Defendant as soon as the access barriers are removed from the Website cannot cure the pleading defect because the website does not provide financial services. Revamping the Website, as Bishop contends should be done to put in additional accessibility options, would not redress the purported injury, as the Website, regardless of ADA compliance, does not provide the alleged services allegedly sought by Bishop -- purchase financial planning services, and to ascertain information relating to pricing, investments, tax advice, retirement planning and privacy policies. As a result of the foregoing, plaintiff has not and cannot establish standing to pursue this action.[2]

Once the ADA claims are dismissed, the plaintiff lacks any independent jurisdictional basis to continue its state law claims in this court, which should also be dismissed. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004).

As a result of the foregoing, we respectfully request that the Court grant defendant Spartan Capital Securities, LLC leave to file a motion to dismiss, and issue a briefing schedule, and additionally adjourn any case management plan submission.

Respectfully Submitted,

*David Schrader*

David Schrader

Cc: Michael A. LaBollita, Esq.

Defendant's request to adjourn the deadline to submit a proposed case management plan is DENIED.  By **January 3, 2023**, the parties shall submit a joint letter and proposed case management plan.  ECF No. 6.

In addition, by **January 3, 2023**, Plaintiff shall file a response to Defendant's request for leave to file a motion to dismiss.

SO ORDERED.

Dated: December 23, 2022
       New York, New York

ANALISA TORRES
United States District Judge